Argued November 25, decided December 2, 1913.

## MURPHY *v.* DEAL.

(136 Pac. 658.)

**Fraud—Questions of Law or Fact—Sufficiency of Evidence.**

1. Where there was some evidence from which fraud could be deduced, the question was properly submitted to the jury.

**Appeal and Error—Harmless Error—Admission of Evidence.**

2. Any error in permitting a plaintiff to testify as to the cost of personalty two years previous to the transaction in question was harmless, where, after the court's admonition to state the reasonable value and not what it cost, plaintiff stated that it was worth at least a given sum.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by Floyd Murphy against William K. Deal and John Keller, in which plaintiff recovered a judgment for $500 and defendants appeal. The facts are fully set forth in the opinion.     AFFIRMED.

For appellants there was a brief over the names of *Messrs. Collier & Collier,* with an oral argument by *Mr. H. E. Collier.*

For respondent there was a brief over the names of *Mr. Claud Strahan* and *Mr. Waldemere Seton,* with an oral argument by *Mr. Strahan.*

Department 2.    MR. JUSTICE MCNARY delivered the opinion of the court.

Over the month of February, 1912, plaintiff was the owner of a quantity of furniture used in the conduct of a rooming-house in Portland.   During the same time defendant Deal was the owner of a 15-acre tract of land near the town of Estacada, Clackamas County. On February 27, 1912, plaintiff asserts, the defendants conspired to defraud him of his personal property by means of certain false representations, whereby he was induced to and did exchange his personal property for the real property of defendant Deal; that upon the discovery of the falsity of the representations, plaintiff tendered a deed of the premises to the defendant Deal, and concurrently demanded a return of the personal property, but that the proffer was refused, whereupon this action was instituted, to recover judgment in the sum of $800.   Defendants, after admitting plaintiff's ownership of the personal property, deny stoutly the gravamen of plaintiff's complaint, and allege as an affirmative defense that defendant W. A. Rihorn was engaged by plaintiff to dispose of his personal property, and that, agreeably to the contract of employment, Rihorn on February 28, 1912, introduced the defendant Deal to the plaintiff, with the result that an exchange of properties was had; that Rihorn received from plaintiff $25 in payment for services rendered in connection with the transaction.   In a rejoinder plaintiff admits the engagement of and payment to Rihorn of $25, but alleges that he violated his trust as agent, and confederated with Deal to defraud plaintiff.   Judgment for $500 was awarded plaintiff.

1. Error is buttressed upon three assignments; the principal one being the court's refusal to grant an order of nonsuit, particularly with respect to the defendant John Keller.   A patient reading of the evidence contained in the record on appeal confirms us

that the trial court had no other alternative than to pass to the jury the determination of the question whether the defendants were guilty of the fraud charged in the complaint, as there was some evidence from which that deduction could properly have been made.

2. Next it is contended that error was committed in admitting evidence as to what the personal property cost plaintiff. In response to a question propounded by his counsel as to the value of the property, plaintiff stated, "The furniture cost me $900, three years ago." After a perspiring effort on the part of counsel for plaintiff and the court, the witness finally, in answer to the following question asked by the court, namely: "What was the reasonable market value of the furniture at that time you made the exchange?"—said: "The furniture was worth at least $700." This latter statement, in reply to the court's query, rendered harmless any error that might have been urged against plaintiff's testimony regarding the cost price of the property in view of the court's admonition to plaintiff "to state the reasonable value of the property and not what it cost."

The last assignment of error bears upon the admission in evidence of a certain statement gleaned from a witness by the name of Rogers. An exact application of the rules of evidence to the testimony in question would preclude its admission to the jury, yet the statement of the witness was so inconsequential that we feel substantial justice would be overthrown if the judgment were molested on account thereof, and therefore we do affirm the same.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.

Argued November 20, decided December 2, 1913.

# ANDERSON v. MEIER & FRANK CO.*